HARRY H. DONNELL, Applt., from Decree of Judge of Probate.

Sagadahoc.    Opinion December 31, 1915.

*Administrators.        Commissioners.        Creditors.        Insolvency.*
*Inventory.        Petition to Judge of Probate to examine*
*claim.        Private claim of administrator.*
*Statute of Limitations.        Will.*

1. Upon petition of the administrator to the Judge of Probate to examine and allow his private claim, annex it to the list of claims, the Judge dismissed the petition.

2. In the opinion of the court, whether the petitioner's claim should have been allowed or disallowed is a pure matter of law.

3. The commissioners in insolvent estates have nothing to do in passing upon the allowance of the private claim of an administrator against the estate.

4. It does not go into their hands even for annexation to the list of claims allowed.

On report.  Appeal sustained.  Case to be remanded to probate court for determination in accordance with this opinion.

This is a petition by Harry H. Donnell, one of the administrators with the will annexed of the insolvent estate of William T. Donnell, late of Bath, Maine, asking that his private claim against deceased may be examined and allowed by the Judge of Probate and annexed to the list of claims, etc.  The cause, by agreement of parties, was reported to the Law Court upon agreed statement of facts, or so

much thereof as may be legally admissible; the Law Court to render such final decision as law and justice may require.

The case is stated in the opinion.

*W. S. Glidden,* for appellant.

*J. M. Trott,* for respondent.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SPEAR, J. This case comes up on report. Harry H. Donnell of Bath, was one of the administrators with will annexed, of the estate of William T. Donnell, late of Bath. William T. Donnell died October 25, 1910, testate. His will was duly probated and Henry H. Donnell was appointed one of the administrators and qualified as such. An inventory of the estate was duly filed. On the 7th day of May, 1912, the estate was represented insolvent, and a warrant to commissioners in insolvency was issued on the same day. Henry H. Donnell, one of the administrators, had a private claim against the estate, amounting in the aggregate to the sum of $2295.88, which is admitted to be correct, and subject to the administration of claims of the fifth class. On November 9, 1912, the commissioners made their report showing claims of creditors of the fifth class allowed by them to the amount of $22,204.68, and this report was accepted and approved. On the first Tuesday of August, 1914, the administrators settled their fourth account, showing a balance in their hands of personal assets to the amount of $11,876.82. Upon petition of the creditors the probate court ordered from this balance a distribution of $9000 to be paid pro rata upon their claims, as allowed by the commissioners, leaving a balance of $2876.82, which was reserved for a percentage on contingent claims and future charges of administration. The dividend of $9000 was distributed and paid as ordered. No new assets have come to the hands and knowledge of the administrators and no final account has yet been filed or allowed. There are no unpaid claims now outstanding of the first or fourth classes. On the first day of September, 1914, and subsequent to the above proceedings, Henry H. Donnell, one of the administrators petitioned to the Judge of Probate to examine and allow his claim, annex it to the list of claims, and decree a

proportional dividend to him. Upon hearing the petition was dismissed, and an appeal taken, alleging as a reason, that the decree was contrary to law.

If we understand the position taken by the creditors, it is that, while the appellant's right of petition is not barred by the statute of limitation, it is within the discretion of the court to allow or refuse to allow the administrator's private claim. We find ourselves unable to adopt this view. In the opinion of the court whether the petitioner's claim should have been allowed or disallowed is a pure matter of law, depending upon the plain language of the statute. Chapter 68, Sections 3, 4, 5, 6, 7, 8, and 9 provide for the appointment of commissioners on insolvent estates and the mode of their proceeding. But none of these provisions show that the commissioners have anything whatever to do in passing upon the allowance of the private claim of an administrator against the estate. It doesn't go into their hands even for annexation to the list of claims allowed. Section 8 of Chapter 68 reads as follows: "Interest shall be cast on claims allowed, from the death of the debtor to the time of the commissioners' first report, unless the contract otherwise provides. At the expiration of the time limited, the commissioners shall make their report to the Judge, who, before ordering distribution, may recommit it for the correction of any error appearing to him to exist. Their fees shall be paid by the administrator. Any claim which he has against the estate, shall be examined and allowed by the Judge and by him annexed to the list of claims, and a proportional dividend decreed to him." The last sentence of this section applies solely to the private claim of an administrator against an insolvent estate and shows that such a claim, as before suggested, is not required to be presented to the commissioners in any form. The language of the statute is clear and says that such a claim shall be examined and allowed by the Judge, and by him, not the commissioners, annexed to the list of claims, and a proportional part decreed by the Judge to him, the administrator, holding the private claim. In other words, a private claim is a distinct and exclusive matter from beginning to end for the adjudication of the Judge of Probate. Nor does he pass upon such a claim as a matter of discretion, but as a matter of law. If the adjudication were a

matter of discretion of course there would be no appeal. His adjudication would be final. The reason for appeal in the present case was that the adjudication of the probate court in disallowing the petitioner's claim was unlawful. The only question, therefore, which arises for consideration is whether the petitioner presented his claim to the probate court for adjudication within the time limited by the statute.

It is now well established in this State that the private claim of an administrator is not within the bar of the statute against other creditors. In fact the appellees in this case frankly admit that the petitioner's claim is not barred by the statute of limitations. It is, therefore, unnecessary to discuss this feature of the case further. If, then, not barred by the statute, did any rights of the creditors legally intervene to prevent the allowance of the petitioner's claim? This brings us to the inquiry, What were the creditors' rights against this insolvent estate including that of the petitioner? For it must not be lost sight of in this proceeding that the petitioner was a creditor of the fifth class with the other creditors. The rights of creditors are stated in *Fogg* v. *Tyler*, 111 Maine at page 551 in this language: "But partnership estates, applicable to debts of the same class, should be distributed equally among creditors of the same class." This rule applies equally to private estates. Therefore, all these creditors including the petitioner were entitled to precisely the same percentage of the insolvent estate. How, then, can the objecting creditors be injured by the delay in allowing the petitioner's claim? They are just as well off and no worse off than if his claim had been annexed before the first dividend; and perhaps they are better off since, if there is not enough now in the hands of the administrators to pay the petitioner's percentage in full, the creditors have profited pro tanto.

So far as the percentage is concerned, the creditors are also benefitted, since, if the petitioner's claim had been added before the percentage was struck, it would have diminished the rate to be paid, and the creditors would have received proportionately less. They, therefore, can have no complaint upon this score. Accordingly, we are unable to discover any legal or equitable objection which the creditors could raise to the allowance of the petitioner's claim. By

such an allowance the original rights of all the creditors will be preserved and the original right of none impaired, as would otherwise be the case if the petitioner's claim is disallowed.

It is the opinion of the court that the Judge of Probate has exclusive jurisdiction of the adjudication of the petitioner's claim; that the allowance or disallowance of the claim was a matter of law and not a matter of discretion; that as a matter of law the claim was not barred by the statute of limitation; and, inasmuch as the amount of the claim is admitted to be correct and due, if allowable, it should have been allowed by the Judge of Probate, annexed to the list of claims and a proportional dividend decreed to the petitioner out of the funds left in the hands of the administrators, after the settlement of their fourth account, and available for the payment of claims of the fifth class against the estate.

*Appeal sustained. Case to be remanded to Probate Court for determination in accordance with opinion.*